UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

|  |  |
|---|---|
| WILLIAM R. BLAND, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:24-CV-451-CHB |
| ) | |
| v. ) | |
| ) | |
| E.J. WILLMAN & SONS, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant E.J. Willman & Sons' Motion for Judgment on the Pleadings or, Alternatively, Motion for Summary Judgment ("Motion"), [R. 9]. Plaintiff William R. Bland has not responded, and the time to do so has passed. *See* [R. 17]. The matter is thus ripe and ready for review. For the following reasons, Defendant's Motion will be granted.

I. **BACKGROUND**

Plaintiff filed this action against Defendant, his former employer, alleging violations of the Kentucky Civil Rights Act ("KCRA"), Ky. Rev. Stat. § 344.010 *et seq.*, and the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq. See generally* [R. 1-1]. Specifically, Plaintiff's Complaint asserts the following claims: "Discrimination Based on Disability" under Ky. Rev. Stat. § 344.040 (Count I), *id.* ¶¶ 28–35, "Retaliation" under Ky. Rev. Stat. § 344.280 (Count II), *id.* ¶¶ 36–44, and "Retaliation Based on FMLA" under 29 U.S.C. § 2615 (Count III), *id.* ¶¶ 45–52. As to relief, Plaintiff requests that the Court "[d]eclare Defendant[']s conduct is in violation of [Plaintiff's] rights" and award money damages. *Id.* at 9–10 (Prayer for Relief).[1]

---

[1] To the extent the page number listed on a filing differs from the page number assigned by the Court's electronic docketing system, the Court refers to the page number assigned by the docketing system.

According to the Complaint, Plaintiff, a plumber, began working for Defendant more than eight years ago. *Id.* ¶ 1 (Factual Allegations). Defendant employed between eight and twelve employees at a given time. *Id.* ¶ 4. In June 2020, Plaintiff was injured at work when a tool malfunctioned, resulting in Plaintiff being thrown to the ground. *Id.* ¶¶ 6–8, 24. At the end of the workday, Plaintiff informed management of his injury. *Id.* ¶ 9. After management suggested the injury was a pulled muscle, Plaintiff continued to work. *Id.* ¶¶ 10–11. Over the next two weeks, Plaintiff experienced worsening pain and reported it to his management, and his coworkers began delegating tasks Plaintiff could not perform due to his injury. *Id.* ¶¶ 11–12. After those two weeks, Plaintiff filed for workers' compensation. *Id.* ¶ 14. Upon seeking medical care, Plaintiff was diagnosed with "a partially torn rotator cuff, impingement, and arthritis in his right shoulder," prescribed physical therapy, and received weight-lifting restrictions. *Id.* ¶¶ 15–18. Plaintiff alleges he "was terminated the day after Defendant learned of the shoulder injury and Plaintiffs' worker[s'] compensation claim," and his termination letter stated that he was "unable to complete given jobs or tasks." *Id.* ¶¶ 19–20. Plaintiff also alleges that Defendant has asserted that Plaintiff's injuries were the result of a two-year-old injury, which Plaintiff states never occurred, *id.* ¶¶ 21–22, that the understanding between he and his coworkers was that "'if you fall off a ladder you're fired before you hit the ground," *id.* ¶ 26, and that he believes Defendant has instructed his former coworkers not to communicate with him, *id.* ¶ 27.

Plaintiff originally filed his Complaint in the Jefferson Circuit Court in Jefferson County, Kentucky. *Id.* at 3. Defendant removed the case to federal court under 28 U.S.C. §§ 1441 and 1446 on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a violation of the FMLA, a federal statute. [R. 1, ¶¶ 4–5, 8]. The Court has supplemental

jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367. *See id.* ¶ 6. Defendant then filed its Answer, [R. 5], and the instant Motion, [R. 9].

Defendant's Motion was filed on October 4, 2024. *Id.* Plaintiff's response to the motion was therefore due on October 25, 2024, but Plaintiff failed to file a response or seek an extension of time to do so. *See* LR 7.1(c). The Court then scheduled a telephonic status conference with the parties. *See* [R. 10]; [R. 12]; [R. 13]. On February 7, 2025, the morning of the conference, Plaintiff filed an incorrectly titled Motion for Extension of Time to Reply to Defendant's Motion to Dismiss ("Motion for Extension of Time"). [R. 14]. After discussing matters with the parties during the conference later that day, the Court permitted Defendant to file a response to Plaintiff's Motion for Extension of Time, [R. 15], which Defendant timely did, [R. 16]. Defendant opposed Plaintiff's motion, arguing Plaintiff had not demonstrated excusable neglect. *See id.* On February 28, 2025, the Court granted Plaintiff's Motion for Extension of Time and permitted him to file a response within fourteen days. [R. 17]. Plaintiff again failed to respond to Defendant's Motion.[2] As such, the matter stands ready for review. The Court will now address the Motion.

## II.    LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), the district court uses the same standard as a motion to dismiss under Rule 12(b)(6). *Metris-Shamoon v. City of Detroit*, 545 F. Supp. 3d 506, 514 (E.D. Mich. 2021) (citing *Hayward v.*

---

[2] The Court ordered Plaintiff's counsel "to Show Cause why monetary sanctions should not be imposed under 28 U.S.C. § 1927" for "multipl[ying] the proceedings in [the] case unreasonably and vexatiously." [R. 18, p. 2]; 28 U.S.C. § 1927. In his Response to the Order to Show Cause, Plaintiff's Counsel states that "Counsel asked the Court for additional time to allow Plaintiff to secure material that would allow Counsel to offer a good faith argument to the Court in response to Defendant's Motion," however, "[P]laintiff has been unable to produce any credible evidence that would allow Counsel to make a good faith argument against Defendant's Motion for Summary Judgment filing." [R. 18, pp. 1–2].

*Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014)). To survive a motion under Rule 12(b)(6) or 12(c), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) ("A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6). . . . A court evaluating that type of motion thus must follow the Supreme Court's changes to the pleading standards in [*Iqbal*] and [*Twombly*].") A claim is "'plausible on its face'" if the factual allegations in the complaint "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Determining if a complaint sufficiently alleges a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

"'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch,*

*Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). Ultimately, a motion brought pursuant to Rule 12(c) is properly granted when the pleadings, accepted as true, present "no material issue of fact . . . and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (internal quotation marks and citation omitted). Finally, "a court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus only on the allegations in the pleadings," and thus cannot consider matters outside of the pleadings. *Bates*, 958 F.3d at 483 (citations omitted).

### III.   ANALYSIS

Defendant's unopposed Motion argues Plaintiff's case should be dismissed for two reasons: (1) regarding his claim for retaliation under the FMLA and discrimination under the KCRA, Defendant does not meet the statutory definition of "employer" necessary to state a claim for relief under either statute; and (2) regarding his claim for retaliation under the KCRA, Plaintiff did not engage in a protected activity under the KCRA. *See* [R. 9-1 (Memorandum of Law in Support of Defendant's Motion)]. As previously explained, Plaintiff has not responded to Defendant's Motion. According to Local Rule 7.1(c), "[f]ailure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c). "However, in the Sixth Circuit, a failure to respond is not alone a reason for a court to grant a motion to dismiss, even when local rules permit such a granting." *Goins v. Saint Elizabeth Med. Ctr.*, 640 F. Supp. 3d 745, 751 (E.D. Ky. 2022), *amended in part*, No. CV 22-91-DLB-CJS, 2022 WL 22628786 (E.D. Ky. Nov. 29, 2022), *and aff'd*, No. 22-6070, 2024 WL 229568 (6th Cir. Jan. 22, 2024) (citing *Allstate Ins. Co. v. LG&E Energy, LLC*, 201 F. App'x 311, 315 (6th Cir. 2006)). Instead, "the district court 'is required, at a minimum, to examine the movant's motion . . . to ensure that he has discharged [his] burden.'" *Id.* (alteration in

original) (quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). As such, the Court must address the merits of Defendant's Motion.

Because this matter is before the Court on federal question jurisdiction, the Court will first address Plaintiff's federal FMLA claim before turning to the KCRA claims.

    **A.**    **FMLA Retaliation Claim (Count III)**

The Sixth Circuit recognizes a retaliation claim under the FMLA, specifically, 29 U.S.C. § 2615(a). *Milman v. Fieger & Fieger, P.C.*, 58 F.4th 860, 866 (6th Cir. 2023). Under that provision, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]," 29 U.S.C. § 2615(a)(1), and "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]," § 2615(a)(2). A retaliation claim may be cognizable under either § 2615(a)(1) or (a)(2). *Milman*, 58 F.4th at 866–87. Plaintiff appears to rely on § 2615(a)(2), but, in any case, the distinction "is of no practical consequence." *Id.* at 867; [R. 1-1, ¶¶ 47–52]. To state a claim for retaliation under either provision,

> [a plaintiff] must establish that: (1) she was engaged in protected activity; (2) her employer knew she was engaged in the protected activity; (3) her employer took an adverse employment action against her; and (4) there was a causal connection between the protected activity and the adverse employment action.

*Milman*, 58 F.4th at 867.

Plaintiff alleges that Defendant violated the FMLA by terminating him in "a deliberate attempt to avoid paying workers['] compensation or FMLA" in violation of the anti-retaliation provisions of the FMLA. [R. 1-1, ¶¶ 45–52]. Defendant contends the Court should dismiss this claim because "Plaintiff does not allege facts from which the Court reasonably could infer Defendant met the threshold requirements to be considered an 'employer' under . . . the FMLA." [R. 9-1, p. 4]. Indeed, "implicit in Plaintiff's prima facie retaliation case is that such a case be

- 6 -

brought against her employer," *Alexander v. Diamond Healthcare Corp.*, No. 5:12-CV-32, 2012 WL 4049471, at *2 (W.D. Ky. Sept. 13, 2012), and "to successfully assert a claim under [the FMLA], a plaintiff must demonstrate that he is an eligible employee and that the defendant is an employer, as defined by the FMLA." *Bradford v. Prosoft, LLC*, No. 3:16-CV-00373-CRS-DW, 2017 WL 1458201, at *3 (W.D. Ky. Apr. 24, 2017) (citations omitted); *see also Cross v. Dental Assisting Acad. of Louisville, LLC*, 417 F. Supp. 3d 836, 839 (W.D. Ky. 2019) ("[A] plaintiff must show that he or she is an 'eligible employee' under the Act." (citing *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004))).

In this case, the definition of "eligible employee" and "employer" are two sides of the same coin: an "'eligible employee' does not include . . . any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50," 29 U.S.C. § 2611(2)(B)(ii), and an "'employer' . . . means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees," *id.* at § 2611(4)(A)(i). In the Complaint, Plaintiff asserts that Defendant "employs between eight (8) and twelve (12) employees." [R. 1-1, ¶ 4]; *see also* [R. 5, ¶ 4 (admitting that, "at the time of Plaintiff's separation from employment, it employed between 8 and 12 employees")]. By Plaintiff's own admission, and taking the assertions in the Complaint as true as the Court must at this stage, Defendant is not an employer, and Plaintiff is not an eligible employee under the FMLA.[3] [R. 1-

---

[3] Defendant attaches to its Motion tax worksheets to demonstrate its number of employees. *See* [R. 9-1, p. 5 (discussing the attachment)]; [R. 9-2]. However, as Defendant correctly points out, consideration of the attachment would necessitate converting its Motion into one for summary judgment. *See Bates*, 958 F.3d at 483 (explaining that a court must evaluate a motion for judgment on the pleadings as a motion for summary judgment if it considers evidence outside of the pleadings); [R. 9-1, p. 5]. Given Plaintiff's admission in the Complaint, especially given that Plaintiff did not respond after Defendant raised these arguments, the Court is satisfied that Defendant employed fewer than the requisite number of employees and need not consider the outside documents. Moreover, although the Court did not consider anything outside of the Complaint for purposes of ruling on this Motion, it is worth noting that in his Response

1, ¶ 4]; [R. 5, ¶ 4]; *cf. Tilley v. Kalamazoo Cnty. Rd. Comm'n*, 777 F.3d 303, 311 (6th Cir. 2015) (finding, on review of a grant of summary judgment, that the plaintiff was not an eligible employee when the defendant did not exceed the threshold for the number of employees).

Because Plaintiff is not an eligible employee, and Defendant is not an employer under the FMLA, Plaintiff has failed to establish a *prima facie* FMLA retaliation case. *Cf. Humenny*, 390 F.3d at 904–06 (dismissing FMLA claim on summary judgment when the defendant employed fewer than fifty employees); *Morlock v. Sage-Popovich, Inc.*, No. 2:20CV29-PPS-JEM, 2020 WL 1940743, at *1 (N.D. Ind. Apr. 22, 2020) (granting motion to dismiss FMLA retaliation claim when the plaintiff did not dispute the defendant's assertion that it did not employ at least fifty employees); *see also Alexander*, 2012 WL 4049471, at *2; *Zolner v. U.S. Bank Nat'l Ass'n*, No. 4:15-CV-00048, 2015 WL 7758543, at *3–5 (W.D. Ky. Dec. 1, 2015) (granting motion to dismiss FMLA retaliation claim when the plaintiff could not establish that the defendant was her employer). Therefore, the Court will grant Defendant's unopposed Motion as to Count III.

## B. KCRA Claims (Counts I and II)

Plaintiff alleges that Defendant violated both the anti-discrimination provision of the KCRA, Ky. Rev. Stat. § 344.040, (Count I), and the anti-retaliation provision, Ky. Rev. Stat. § 344.280 (Count II). *See generally* [R. 1-1]. As an initial matter, the Court notes that this case was removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* [R. 1]. The Court may exercise supplemental jurisdiction over state-law claims when they "are so related to the claims in the action within such original jurisdiction that they form part of the same case or

---

to the Order to Show Cause, Plaintiff's Counsel concedes that "Plaintiff maintains his belief that there were more than 15 individuals employed by [Defendant], but recognizes that his testimony alone will not withstand the challenge put forth by the Defendant and the Unemployment Tax Worksheet. To date, Plaintiff has been unable to produce any evidence to allow Counsel to offer a good faith, non-frivolous response to Defendant's Motion for Summary Judgment and Defendant's included Exhibit." [R. 18, p. 2].

controversy." 28 U.S.C. § 1367(a). At this point, however, Plaintiff's only federal law claim has been dismissed.

In such a posture, "[g]enerally, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (alteration in original) (internal quotation marks and citation omitted). However, the Sixth Circuit has made clear that when "the district court's jurisdiction originally was premised on a federal claim and that claim subsequently was dismissed, remand to the state court [is] a matter of discretion." *Id.* at 211. When determining whether to exercise supplemental jurisdiction, the Court balances the values of "'judicial economy, convenience, fairness, and comity.'" *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

In this case, judicial economy and fairness favor retaining supplemental jurisdiction, especially where Plaintiff has failed to respond to the Motion despite being given two opportunities to do so. For one, the Court is "familiar with the facts of the case and already [has] invested significant time in the litigation." *See Harper*, 392 F.3d at 211. In *Levinson v. Mucker*, 289 F. Supp. 2d 848 (W.D. Ky. 2003), the court chose to exercise supplemental jurisdiction over the plaintiff's KCRA claim after dismissing the federal claims "in the interest of judicial economy" because the KCRA claim was "legally and factually intimately related to [the] [p]laintiff's federal discrimination claims." *Id.* at 854; *see generally Koch v. Thames Healthcare Grp., LLC*, No. 1:18-CV-00039-GNS-HBB, 2020 WL 1542340 (W.D. Ky. Mar. 31, 2020), *aff'd*, 855 F. App'x 254 (6th Cir. 2021) (evaluating the plaintiff's KCRA claims despite dismissing FMLA claims). Similarly, in this case, the facts underlying Plaintiff's KCRA claims are closely connected and overlap with those giving rise to the FMLA claim, and the legal issues are related. *Cf. Levinson*, 289 F. Supp.

2d. at 854–55. As such, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

### 1. Disability Discrimination Claim (Count I)

In Count I, Plaintiff asserts that Defendant violated the KCRA because it impermissibly discriminated against him on the basis of his disability—his injured shoulder—when it terminated him upon learning of the injury and its severity. *See* [R. 1-1, ¶¶ 28–35].[4] Defendant argues that Plaintiff cannot state a claim for relief because "Plaintiff does not allege facts from which the Court reasonably could infer Defendant met the threshold requirements to be considered an 'employer' under the KCRA." [R. 9-1, p. 4]. As with federal FMLA claims, the KCRA "require[s] a specified number of individuals to be employees for a person or entity to be classified as an 'employer' under [its] provisions." *Greenwell v. Preslar's W. Shop*, No. 3:22-CV-00378-GNS, 2023 WL 2056008, at *2 (W.D. Ky. Feb. 16, 2023) (citing Ky. Rev. Stat. § 344.030(2)). The KCRA defines an "employer" "for purposes of determining discrimination based on disability" as "a person engaged in an industry affecting commerce who has fifteen (15) or more employees." Ky. Rev. Stat. §344.030(2); *see also* Ky. Rev. Stat. § 344.010(1) (including "corporations" and "other legal or commercial entit[ies]" in the definition of "person"). If a plaintiff does not plausibly allege that the defendant is an "employer," they have failed to state a claim. *See Greenwell*, 2023 WL 2056008, at *2.

---

[4] The Court agrees with Defendant that "Plaintiff's Complaint does not appear to state a claim for discrimination under the Americans with Disabilities Act ("ADA")," despite Plaintiff's reference to the ADA in Paragraph 31 of his Complaint. *See* [R. 9-1, p. 4 n.1 (discussing [R. 1-1, ¶ 31])]. In the next Paragraph, Plaintiff explicitly asserts that Defendant's actions were "in violation of [Ky. Rev. Stat.] § 344.040." [R. 1-1, ¶ 32]. In any case, based on the record before the Court, Plaintiff has not met the exhaustion requirements of the ADA by first filing a charge with the Equal Employment Opportunity Commission. *See, e.g.*, *Bullington v. Bedford Cnty.*, 905 F.3d 467, 469–70 (6th Cir. 2018) ("For an ADA claim, a plaintiff needs to exhaust administrative remedies. . . . To exhaust administrative remedies, a plaintiff must file a timely charge with the Equal Employment Opportunity Commission." (citations omitted)).

As noted above, Plaintiff's Complaint asserts that Defendant employed only "between eight (8) and twelve (12) employees." [R. 1-1, ¶ 4]. As such, Plaintiff has not alleged facts showing that Defendant was an "employer" for purposes of making a disability discrimination claim under the KCRA. *Cf. Colter v. Bowling Green-Warren Cnty. Reg'l Airport Bd.*, No. 1:17-CV-00118-JHM, 2019 WL 2714500, at *3 (W.D. Ky. Apr. 3, 2019) (granting summary judgment for the defendant on the plaintiff's KCRA disability discrimination claim when the plaintiff could not establish that the defendant employed the minimum number of employees); *see also Greenwell*, 2023 WL 2056008, at *2 (noting that the plaintiff's KCRA disability discrimination claim was "subject to dismissal" if the plaintiff could not allege the defendant met the KCRA's definition of "employer"). Therefore, the Court will grant Defendant's unopposed Motion as to Count I.

### 2. KCRA Retaliation (Count II)

Plaintiff's remaining claim alleges that Defendant violated the anti-retaliation provision of the KCRA when it terminated Plaintiff after learning of his disability. *See* [R. 1-1, ¶¶ 36–44]. Ky. Rev. Stat. § 344.280(1), the KCRA's anti-retaliation provision, states that

> [i]t shall be an unlawful practice for a person . . .[t]o retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter.

Ky. Rev. Stat. § 344.280(1). To make a prima facie case for retaliation, a plaintiff must show that "(1) he . . . engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action." *Hamilton v. Gen. Elec. Co.*, 556 F.3d 428, 435 (6th Cir. 2009) (alteration in original) (internal quotation marks and citation omitted).

As an initial note, despite Defendant's apparent contention that it had no obligations under the anti-retaliation provision of the KRCA because it was not a statutory "employer," [R. 9-1, p. 6], Defendant's number of employees has no bearing on Plaintiff's retaliation claim. While "a defendant must usually be an 'employer' as defined by the KCRA to be liable under the Act[,] . . . [t]he antiretaliation provision of the KCRA [] states that '[i]t shall be an unlawful practice for *a person* . . . [t]o retaliate or discriminate in any manner.'" *Stein v. Neos Therapeutics, Inc.*, No. 3:23-CV-115-DJH, 2024 WL 329954, at *2 (W.D. Ky. Jan. 29, 2024) (emphasis in original) (quoting Ky. Rev. Stat. § 344.280); *see also Morris v. Oldham Cnty. Fiscal Ct.*, 201 F.3d 784, 794 (6th Cir. 2000). Therefore, "liability for unlawful retaliation under § 344.280 of the KCRA does not depend on the person's status as an 'employer' under § 344.030(2)." *Lewis v. Quaker Chem. Corp.*, 229 F.3d 1152 (Table), 2000 WL 1234356, at *7 (6th Cir. 2000).[5]

In its unopposed Motion, Defendant asserts that "Plaintiff has not and cannot state a claim for retaliation because he cannot demonstrate he engaged in a protected activity under the KCRA." [R. 9-1, p. 6]. Two types of protected activities are covered by the KCRA: "(1) whenever an employee 'opposed a practice declared unlawful by [the KCRA]' [and] (2) whenever an employee 'has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under [the KCRA].'" *Carter v. Union Coll.*, No. CV 6:21-150-KKC, 2023 WL 4605032, at *7 (E.D. Ky. July 18, 2023) (quoting Ky. Rev. Stat. § 344.280(1)) (citing *Marshall v. Super Serv., LLC*, No. 6:14-229-DCR, 2016 WL 1389595, at *12 (E.D. Ky. Apr. 6, 2016)). When, as here, a plaintiff has not engaged in any "statutory proceedings,"

---

[5] Similarly, to the extent Defendant attempts to argue that Plaintiff cannot state a claim because he failed to establish a disability within the meaning of the KCRA, *see* [R. 9-1, p. 6], that argument is irrelevant because a plaintiff need not show they are disabled to assert a retaliation claim under the KCRA. *See Bryson v. Regis Corp.*, ccc, 576–77 (6th Cir. 2007) (noting a plaintiff need not prove they are disabled to state a claim for retaliation under the ADA after explaining that the ADA and KCRA are interpreted consistently, *id.* at 574).

any protected activity must fall under the first clause, called the "opposition clause." *See id.* That is, to survive Defendant's Motion, Plaintiff must demonstrate he "clearly challenge[d] an employment practice that [he] believe[d] [was] unlawful." *Id.* (internal quotation marks omitted) (quoting *Popeck v. Rawlings Co. LLC*, NO. 3:16-CV-00138-GNS-DW, 2018 WL 2074198, at *14 (W.D. Ky. May 3, 2018)), *aff'd*, 791 F. App'x 535 (6th Cir. 2019)).

Plaintiff appears to assert, through his Complaint, that "notifying upper management of his workplace injury" was the protected activity. *See* [R. 1-1, ¶ 43]. However, Plaintiff has failed to provide any authority, nor could the Court locate any such authority, demonstrating that mere notification of an injury or disability is a protected activity. Additionally, there is nothing in the Complaint to suggest that Plaintiff "opposed a practice declared unlawful" by the KCRA as required to state a claim under the opposition clause of the anti-retaliation provision. *Cf. Stanley v. Haier US Appliance Sols., Inc.*, No. 3:19-CV-00640-CRS, 2020 WL 718232, at *2 (W.D. Ky. Feb. 12, 2020) (granting motion to dismiss when the plaintiff did not engage in a protected activity because she "[did] not allege that she challenged any unlawful employment practice"); Ky. Rev. Stat. § 344.280(1). Plaintiff does not allege, for example, that he "'complain[ed] to anyone (management, unions, other employees, or newspapers) about allegedly unlawful practices; refuse[d] to obey an order because [he] [thought] it [was] unlawful . . .; [or] oppos[ed] unlawful acts by persons other than the employer—e.g., former employers, union, and co-workers.'" *Mesbah v. Univ. of Louisville*, No. 3:22-CV-567-CHB, 2023 WL 6050232, at *11–12 (W.D. Ky. Sept. 15, 2023) (quoting *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000)) (explaining that Title VII and KCRA retaliation claims are "evaluated under the same standard" and providing examples of "opposing conduct" (internal citation and quotation marks omitted)).

On this point, the Court notes that requesting an accommodation may be a protected activity under the KCRA. *Compare Huelett v. Louisville Paving Co., Inc.*, No. 3:23-CV-00420, 2025 WL 552686, at *11 (W.D. Ky. Feb. 19, 2025) (noting that whether requesting an accommodation is a protected activity is an "unresolved issue of state statutory interpretation"), *with Carter*, 2023 WL 4605032, at *8 (suggesting that such a request is protected under the KCRA because it is protected under the federal Americans with Disabilities Act ("ADA")); *see also Bryson v. Regis Corp.*, 498 F.3d 561, 574 (6th Cir. 2007) (explaining that "[t]he language of the KCRA . . . mirrors that of the ADA; consequently, claims brought under the KCRA are interpreted consistently with the standards developed under the ADA" (internal citations omitted)). The Court need not opine on this "unresolved issue of state statutory interpretation," *Huelett*, 2025 WL 552686, at *11, however, because Plaintiff does not allege he did anything more than "notify[]" Defendant of his injury. *See* [R. 1-1, ¶¶ 41–43]; *see also* [R. 9-1, p. 6 (asserting that "Plaintiff does not allege he . . . sought disability accommodations under the KCRA")]. Plainly, "[a]n employer cannot be held liable for retaliation if an accommodation request was never made." *Huelett*, 2025 WL 552686, at *12 (citing *Melange v. City of Ctr. Line*, 482 F. App'x 81, 82 (6th Cir. 2012)).

Moreover, to the extent that Plaintiff would attempt to argue that filing a workers' compensation claim constituted a protected activity, Defendant is correct that such activity is protected under a different Kentucky statute, Ky. Rev. Stat. § 342.197. *See Chavez v. Dakkota Integrated Sys., LLC*, 832 F. Supp. 2d 786, 801 (W.D. Ky. 2011) (discussing § 342.197); [R. 9-1, p. 7]. Plaintiff has not cited any authority, nor could the Court locate any such authority, to support the idea that filings a workers' compensation claim is also protected under the KCRA. The Sixth Circuit has noted that filing a workers' compensation claim is not protected under the ADA, which

is analyzed under the same standards as the KCRA. *Cf. Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143 (4th Cir. 2012)).

In sum, Plaintiff has failed to state a claim under the anti-retaliation provision of the KCRA, and Defendant's unopposed Motion will be granted as to Count II. *Cf. Stanley*, 2020 WL 718232, at *2.

## IV. CONCLUSION

Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendant E.J. Willman & Sons' Motion for Judgment on the Pleadings or, Alternatively, Motion for Summary Judgment, [**R. 9**], is **GRANTED.**

2. All claims in this case are **DISMISSED WITH PREJUDICE** and the matter is **STRICKEN** from the Court's active docket.

3. A separate order of dismissal shall follow.

This the 29th day of April 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY